UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARVESTER J. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>EBENEZER ESPINOZA,<br><br>    Defendant. | Case No. 22-cv-09197-WHO (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS;**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. Nos. 17 and 19 |

**INTRODUCTION**

Plaintiff Larvester J. Johnson alleges in this 42 U.S.C. § 1983 action that one of his jailors, defendant Ebenezer Espinoza, confiscated his legal materials and retaliated against him in violation of the First Amendment. Espinoza moves to dismiss the complaint under Rule 12(b)(6) on grounds that Johnson has not stated a claim for relief.

The motion to dismiss will be granted. Espinoza correctly points out that Johnson has not alleged facts that he suffered an actual injury, and therefore has not stated a denial of access to the court claim. Nor has Johnson stated a claim for retaliation because his allegations do not contain supporting and specific facts. Accordingly, defendant's motion to dismiss is GRANTED and the complaint is DISMISSED with leave to file an amended complaint on this Court's form on or before **May 20, 2024**. Failure to file a proper complaint by May 20, 2024, likely will result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Johnson's motion for leave to file an amended complaint is GRANTED. (Dkt. No. 19.) His motion for an order directing defense counsel and the San Francisco County Jail

1  to obey a state court order is DENIED.  (*Id.*)

## BACKGROUND

The following factual allegations are taken from the complaint and will be assumed as true for purposes of this order.  Johnson alleges that while he was in the custody of the San Francisco County Sheriff, defendant Espinoza, a sergeant, took his legal papers and searched them on several occasions.

In August 2022, as Johnson was going to court, Espinoza took his "legal papers," searched them, "started to pick any paper that don't look like legal paper," and put a letter to the judge in the trash.  (Compl., Dkt. No. 1 at 2.)  On September 20, 2022, Johnson and Espinoza yelled at each other until he told plaintiff to turn around and face the wall.  (*Id.*)  When Johnson tried to speak to him, Espinoza told him to go back to his cell because was "not going to court today."  (*Id.*)  On an unspecified day, Espinoza asked Johnson whether he could see his legal papers.  (*Id.* at 3.)  Johnson said everything he had was "legal documentation to the court."  (*Id.*)  Espinoza then took the materials and left them in the "holding offices."  (*Id.*)  When Johnson said those were legal papers he needed to take to court, Espinoza said, "Do you want to do go to court?"  (*Id.*)  When he said yes, Espinoza said "shut up."  (*Id.*)  In October 2022, when Johnson was to go to court for a preliminary hearing, Espinoza confiscated his legal papers, which Johnson needed to help his defense attorney, and then sent Johnson to his cell, causing him to miss his hearing.  (*Id.*)  On October 18, Espinoza took his legal papers and "gave them to the judge."  (*Id.* at 4.)  On November 17, Espinoza took his legal documents, tore open his legal mail, and put the papers in the trash.  (*Id.*)

Johnson alleges that by his actions Espinoza denied his access to the courts and retaliated against him in violation of the First Amendment.  (Compl., Dkt. No. 1 at 4-5.)

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1  Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or
2  "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v.*
3  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an
4  affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746
5  F.2d 1377, 1378 (9th Cir. 1994).

## DISCUSSION

### i. First Amendment Access-to-Court Claim

To state a First Amendment access-to-court claim, a litigant must allege facts showing that the defendant's interference caused him an actual injury by hindering his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989) ("Only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted."). "If no actual injury has resulted, then the rights of the prisoner have not been infringed, and the inquiry need go no further." *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994). An "actual injury consists of some specific instance in which an inmate was actually denied access to the courts," *Sands*, 886 F.2d at 1171 (citations omitted), such as the inability to meet a filing deadline or present a claim, resulting in the loss of the claim, *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348).

Johnson has not alleged specific facts showing that he suffered an actual injury. Though he alleges that Espinoza took, searched, and seized his legal papers, he has not alleged any facts showing that Espinoza's actions resulted in Johnson's inability to meet a deadline or present a claim, therefore losing the claim. This claim is DISMISSED with leave to amend. <u>Johnson is reminded that he must have exhausted his administrative grievances regarding this claim for it to proceed</u>.

### ii. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

3

the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). "We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (citations omitted).

As Espinoza points out, the claim of retaliation lacks detail. Johnson says in his statement of his claim, but not in his factual summary, that Espinoza threatened him with violence for exercising his right to seek redress through the prison grievance system. (Compl., Dkt. No. 1 at 5.) There are no facts regarding when this incident occurred, what words were used, and when Johnson tried to file a grievance. If this claim is to survive, Johnson must provide such crucial details. Also, he must allege specific facts showing that Espinoza took an adverse action against him because of Johnson's protected conduct. He must also allege specific facts that Espinoza's action chilled the exercise of his First Amendment rights and that Espinoza's action did not reasonably advance a legitimate correctional goal.

The retaliation claim is DISMISSED with leave to amend. <u>Johnson is reminded that he must have exhausted his administrative grievances regarding this claim for it to proceed</u>.

**MOTION**

Johnson's motion to file an amended complaint is GRANTED. (Dkt. No. 19.) His motion for an order directing his defense attorney and the San Francisco County Jail to obey a state court order is DENIED. (*Id.*) Johnson should make a request in state court for the enforcement of any state court order.

**CONCLUSION**

Espinoza's's motion to dismiss is GRANTED. (Dkt. No. 17.) The complaint is DISMISSED with leave to file an amended complaint <u>on this Court's form</u> on or before **May 20, 2024**. The amended complaint must include the caption and civil case number used in this order (22-09197 WHO (PR)) and the words FIRST AMENDED

4

1  COMPLAINT must be written on the first page.  <u>The amended complaint must also appear
2  on this Court's form, a copy of which will be sent to him.</u>  Because an amended complaint
3  completely replaces the previous complaints, plaintiff must include in his first amended
4  complaint all the claims he wishes to present and all of the defendants he wishes to sue.
5  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate
6  material from the prior complaint by reference.  <u>Failure to file a proper amended complaint
7  by May 20, 2024 may result in dismissal of this action under Federal Rule of Civil
8  Procedure 41(b) for failure to prosecute.</u>

     Johnson's motion to file an amended complaint is GRANTED.  (Dkt. No. 19.)  His motion for an order directing his defense attorney and the San Francisco County Jail to obey a state court order is DENIED.  (*Id.*)

     The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:**  April 8, 2024



_____
WILLIAM H. ORRICK
United States District Judge